UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DONALD WATKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:16-CV-1306-G |
| FELICIA PITRE, Dallas County District Clerk, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION AND ORDER

Before the court is the plaintiff's motion for temporary restraining order (docket entry 4). For the reasons stated below, the court *sua sponte* dismisses the plaintiff's complaint, and the plaintiff's motion for temporary restraining order is denied as moot.

### I. INTRODUCTION

The plaintiff, Donald Watkins, filed suit against the Dallas County District Clerk, Falicia Pitre, and others. *See* Complaint (docket entry 3). Watkins contends that he is "being denied his Sixth Amendment Right to a Fair Trial" because the defendants are "blocking [him] from filing subpoenas to obtain exculpatory and

favorable evidence in his defense." *Id.* Watkins seeks a temporary restraining order to "compel defendants from [sic] exercising his statutory right to file subpoenas pursuant to Texas Criminal Procedural Article 24.03." *See* Motion for Temporary Restraining Order ("Motion") (docket entry 4). Watkins contends there is a substantial threat of irreparable injury because "the evidence [he] is seeking will be forever lost within the next few days as listed in the U.S. Department of Transportation Regulations if this motion is not granted." *Id.*

## II. ANALYSIS

Watkins's motion for temporary restraining order seeks equitable relief in an ongoing criminal proceeding. Watkins contends that the defendants have violated his Sixth Amendment right to a fair trial. Watkins' criminal trial is ongoing as he states he "is being denied" his Sixth Amendment right. *See* Complaint.

The Supreme Court established a doctrine of mandatory abstention for federal courts in *Younger v. Harris*, 401 U.S. 37 (1971). Under *Younger* abstention, federal courts must abstain when "federal jurisdiction has been invoked for the purpose of restraining state criminal proceedings." C*olorado River Water Conservation District v. United States*, 424 U.S. 800, 816 (1976). The goal of *Younger* abstention is to protect "Our Federalism," which is the notion that "the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." *Younger*, 401 U.S. at 44. The Fifth Circuit has indicated that "a

federal district court presumptively must abstain from granting either injunctive or declaratory relief when state criminal actions or certain categories of state civil proceedings are pending against the federal plaintiff at the time that federal action is commenced." *DeSpain v. Johnston*, 731 F.2d 1171, 1175 (5th Cir. 1984).

The state has a strong interest in enforcing its criminal laws. *Id.* at 1176-77. Watkins asks this court to interfere with an ongoing criminal proceeding and enjoin the defendants by compelling them to comply with Watkins' subpoena requests. *See* Complaint. Courts in the Fifth Circuit have refused to interfere with ongoing criminal proceedings in a similar fashion. In *Texas Association of Business v. Earle*, 388 F.3d 515, 516, 521 (5th Cir. 2004), the Fifth Circuit affirmed the dismissal, under *Younger* abstention, of a lawsuit, in which the federal plaintiff sought an injunction against the enforcement of subpoenas issued by a grand jury. Similarly, in *Doe v. Order Desk, Inc.*, No. 3:97-CV-1479-P, 1997 WL 405141, at *2, *8 (N.D. Tex. July 14, 1997) (Solis, J.), the court, under *Younger* abstention, dismissed a complaint, in which the federal plaintiff sought to enjoin the district attorney from issuing a subpoena that would divulge his identity. Similarly, here, Watkins seeks to compel the defendants to issue his subpoenas. The court concludes that forcing someone to comply with a request to issue subpoenas and preventing someone from issuing subpoenas, is a distinction without a difference under *Younger* abstention. Either way, the court is interfering with an ongoing state criminal proceeding. Therefore, *Younger*

abstention prevents this court from exercising jurisdiction over this case.  *Earle*, 388 F.3d at 520-21.  Since the court cannot exercise jurisdiction over this suit, the plaintiff's motion for temporary restraining order is denied as moot.

### III.  CONCLUSION

For the reasons stated above, the plaintiff's motion for temporary restraining order is **DENIED** as moot.  This case is **DISMISSED** without prejudice.

**SO ORDERED**.

May 12, 2016.

_____
**A. JOE FISH**
**Senior United States District Judge**